UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL No. 20-mj-7155-JCB |
| ) | |
| DAVID DESOUSA ) | |
| Defendant ) | |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION FOR DETENTION**

Now comes the defendant, David Desousa, pursuant to Title 18 § 3145, and respectfully requests that the government's motion for detention be denied and the defendant released on conditions. In support hereof the defendant states the following:

18 U.S.C. § 3142 allows that a criminal defendant may be detained pending trial only upon a determination that no condition, or combination of conditions, will reasonably assure the appearance of the person as required and the safety of any other person and the community. United States v. Gray, 529 F.Supp.2d 177 (2007) citing United States v. Montalvo-Murillo, 495 U.S. 711, 110 S.Ct. 2072, 109 L.Ed.2d 720 (1990).

*Danger to the Community*

In order to prevail in their attempt to detain a defendant based the defendant's danger to the community the government must prove by clear and convincing evidence that no combination of conditions will reasonably assure the safety of any other person or the community. *United States v. DiGiacomo*, at 18 U.S.C. § 3142(f). Also, the Government must make an individualized showing of dangerousness. *United States v. Patriarca*, 948 F.2d 789 (1991)

In rendering his decision in *DiGiacomo*, Judge Mark Wolf cited Judge Robert Keeton's

decision in *United States v. Phillips,* 732 F.Supp. 255, (1990), acknowledging:

> Congress ... [chose] to use the term "danger" which by its nature is a risk concept. By using this term, Congress did not declare that the community is entitled to assurances of freedom from all harm, and a court cannot detain arrestees on the mere apprehension of danger of harm. Rather, the court's inquiry must focus on whether by conditions of release the community can *reasonably* be assured of its safety.  See  *United States v. Orta*, 760 F.2d 887, 892 (8th Cir.1985) (en banc).

*DiGiacomo*, 746 F.Supp 1176 at 1181 (1990)

The defendant is 30 years old and has no prior convictions.  Although he has some entries on his criminal record, all matters resulted in dismissals.  Moreover, throughout what appears to be a several month long investigation there is no evidence that the defendant was engaged in any violent activity.  The lengthy affidavit of Brian Connery recounts many interactions with a UC and purchases of drugs from the defendant coupled with reports of surveillance.  Again, there is no indication in the affidavit that supports a suggestion that the defendant is violent or dangerous.

Here the government cannot show by clear and convincing evidence that the defendant poses a danger to the community.  The release of the defendant on conditions as proposed by Pretrial Services is more than adequate to ensure the safety of the public in general and any potential witness in the case.

<u>Risk of Flight</u>

In analyzing risk of flight as a basis for detention, the Government must prove by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's appearance at future court proceedings.  The burden of persuasion remains with the Government on the question of flight risk.  *DiGiacomo*, 746 F.Supp 1176 at 746 (1990).

The defendant is 30 years old, single father of a 7 year old daughter.  Defendant was born and raised Massachusetts and currently resides in Malden.  The defendant has immediate family in the area including his mother, sister, grandparents and uncles.  The defendant has a myriad of health issues including severe asthma which requires daily steroid treatment as well as a rescue inhaler.  Moreover, he suffers from Tourette Syndrome, which requires daily medication, and has been determined to be disabled as a result.

The defendant has no ties outside the community that could sustain him should he chose to attempt to run.  Moreover, the defendant does not have the financial means to allow him to flee the jurisdiction or sustain any type of extended departure from home.  Plainly stated the defendant does not have the ability, financial or otherwise, to flee and hide from the instant matter.

Accordingly, the Government cannot show by a preponderance of the evidence that the defendant is a risk of flight and will not return to court.

*Proposed Conditions*

The defendant respectfully requests that this Honorable Court release the defendant and impose the conditions as proposed by pretrial services.

                Respectfully Submitted,
                David Desousa
                By counsel

                */s/ Carmine P. Lepore*
                Carmine P. Lepore
                Lepore & Hochman, P.A.
                One Sprague Street
                Revere, MA 02151
                (781) 286-8800
                BBO# 564603

August 12, 2020

## CERTIFICATE OF SERVICE

I, Carmine P. Lepore, hereby certify that the above document was filed through the Electronic Court Filing system and served on all registered participants.

*/s/ Carmine P. Lepore*