UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 20-mj-7155-JCB |
| | ) | |
| DAVID DESOUSA, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S
## MOTION TO RECONSIDER ORDER OF DETENTION

Now comes the United States, by and through the undersigned Assistant United States Attorneys, and hereby files its opposition to the Defendant's Motion to Reconsider Order of Detention.   ECF Dkt. 25.   In his Motion to Reconsider, the defendant supplements the record with additional medical records documenting his asthma condition.   However, this medical condition was previously known to the Court and considered in its Order of Detention.   *See* ECF Dkt. 21 ("Order of Detention"), at 3-5.   The defendant presents no novel evidence warranting reopening the proceedings and reconsidering the court's Order of Detention.   The defendant's Supplement to his Motion to Reconsider (ECF Dkt. 29) alleges that the defendant has received inadequate medication to address his Tourette Syndrome.   This Supplement also does not provide a sufficient basis to reopen the proceedings and reconsider the prior Order of Detention. Rather, any inadequacy in the defendant's medication can be remediated by providing the defendant's medical records to the Wyatt Detention Facility to ensure appropriate medical care.

The government appreciates the gravity of the COVID-19 pandemic and acknowledges that it presents a serious national and state public health emergency.   However, particularly in the midst of this pandemic, the factors set forth in 18 U.S.C. § 3142 must guide the Court in determining, on a case-by-case basis, whether pretrial release is appropriate.   The defendant

does not present any new facts that invalidate the government's evidence of his illegal conduct or that call into question the Court's prior findings that he presents a danger to the community. Rather, the defendant supplements the medical records that were before the Court prior to the Order of Detention with two other incidents of asthma exacerbation along with an updated letter from his physician adding his history of smoking and tonsillitis.

For the reasons discussed below, this Court should deny the Defendant's Motion to Reconsider.

## BACKGROUND AND RELEVANT FACTS

The defendant is charged in a criminal complaint with one count of distribution of and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Doc. 3.   The charges stem from three controlled purchases of ounce-quantities of methamphetamine by an undercover officer since February 2020.   The case culminated in the defendant's arrest, a search of his apartment, his vehicle, and his storage unit, which yielded seizures of additional ounce-quantities of methamphetamine, cocaine base, $90,000 cash, and a loaded firearm in the defendant's bedroom.   *See* Order of Detention, at 3.   In total, the defendant distributed or possessed approximately 286 grams of methamphetamine, which will subject him to a 10-year mandatory minimum sentence.   *See* 21 U.S.C. § 841(b)(1)(A)(viii). The loaded firearm seized from the defendant's bedroom will also make him ineligible for safety-valve relief.   *See* 18 U.S.C. § 3553(f)(2).

The defendant had his initial appearance on August 7, 2020 and a detention hearing on August 12, 2020.   At the detention hearing, the government presented six exhibits detailing the defendant's criminal conduct.   The defendant submitted a letter from the defendant's physician as well as a medical record of his asthma exacerbation in January 2020.   The Court issued its

2

Order of Detention on August 17, 2020 finding that no condition or combination of conditions will reasonably assure the safety of the community citing the nature of the charges, the presence of a loaded firearm at his residence, and the presumption of detention applicable to this case. Order of Detention, at 3-5.   The Court further discussed its consideration of the defendant's history of asthma and found it did not provide a basis for releasing the defendant.   *Id.*

## ARGUMENT

Section 3142(e) provides that a defendant may be detained pending trial if, after a hearing, the judicial officer determines that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]"   18 U.S.C. § 3142(e).   The government bears the burden of demonstrating that the defendant poses a danger to the community by clear and convincing evidence, or that the defendant poses a flight risk by a preponderance of the evidence.   *See United States v. Rose*, 2012 WL 2500497, *1 (D. Mass. 2012) (Gorton, J.).   As the Court previously found, the government met its burden of both demonstrating that the defendant is a danger to the community and that there are no conditions or combination of conditions that will reasonably assure the safety of the community were the defendant to be released.   Order of Detention, at 4-5.

In determining whether any conditions of release will reasonably assure the defendant's appearance and the safety of any other person and the community, the Court must consider the factors set forth in 18 U.S.C. § 3142(g), which include: (1) the nature and circumstances of the offenses charged; (2) the weight of the evidence; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger that the defendant's release would pose to any other person or the community.   While the COVID-19 pandemic presents unique

3

concerns and challenges, the Court must nonetheless consider the statutory factors found in 18 U.S.C. § 3142(g), detailed above.   As serious as the COVID-19 pandemic is, "the COVID-19 pandemic cannot be the sole basis for releasing a defendant from custody pending trial; the Court must still consider the Section 3142(g) factors."   *United States v. Inyemar Manuel Suazo,* No. 20-mj-37-1-DL (D.N.H. April 2, 2020),[1] ECF Dkt. 12, at 11 (quoting *United States v. Woods,* No. 19-cr-20112-02, 2020 U.S. Dist. LEXIS 54268, at *10 (E.D. Mich. March 28, 2020)).   This Court previously considered the COVID-19 pandemic when it weighed the § 3142(g) factors and ordered the defendant detained.

A court may reconsider its decision regarding pretrial detention "at any time before trial if the judicial officer finds that information exists *that was not known to the movant at the time of the hearing* and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."   18 U.S.C. § 3142(f)(2) (emphasis added).   The party seeking to reopen the proceedings must establish that the evidence being presented was not known to the movant at the time of the hearing and is material.   *See United States v. Mateo Soto*, 2017 WL 3705797, *2 (D. Mass.) (Hennessy, M.J.).

In the present case, this Court already had evidence of the defendant's history of asthma and Tourette Syndrome (found in the bail report) at his detention hearing.   Thus, the defendant's Motion to Reconsider does not present any novel evidence that was not before the Court at the time of his detention hearing.   In his Motion to Reconsider, the defendant merely re-emphasizes his earlier argument that he is at risk of serious illness should he contract COVID-19.

---

[1]   The Magistrate Judge's detention order was upheld upon review by the district court. *United States v. Suuazo,* 2020 WL 3956264 (D.N.H. July 10, 2020).

4

Shifting from the standard found in 18 U.S.C. § 3142(f)(2) for re-opening a detention hearing, the defendant moves for temporary release pursuant to 18 U.S.C. § 3142(i) citing two additional past incidents of asthma exacerbation and his history of smoking and tonsillitis as compelling reasons.   Pursuant to 18 U.S.C. § 3142(i), a court is permitted to re-examine its prior detention decision "to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason."   The defendant bears the burden of establishing circumstances warranting temporary release under § 3142(i).   *See United States v. Washington,* 2020 WL 2112343, *5 (M.D. Pa. May 4, 2020).

These reasons offered by the defendant fail to satisfy the standard of compelling reasons for his temporary release.   While the COVID-19 pandemic is obviously an extremely serious matter requiring extraordinary precautionary measures among the entire public, and particularly in detention facilities – it does not present a compelling reason for the Court to reconsider its Order of Detention at this juncture.

For months, all facets of national, state, and local government have turned their focus and determination to slowing the spread of COVID-19, protecting the health and safety of the community, and tending to the medical needs of those who have contracted the virus.   That focus and attention includes the authorities and staff responsible for our federal and state detention facilities, including at the Wyatt Federal Detention Facility, where particularized procedures and practices have been implemented to minimize the risk of transmission.   *See* Exhibit A, Wyatt Detention Status Report dated September 10, 2020.   Wyatt's most recent status report, filed twice-weekly, demonstrates its staff's commitment to protecting the detainees in their care.   Over 2,000 detainees have been tested, and at present, they have two active cases.

As stated in their status report, they are in daily contact with the Rhode Island Department of Health regarding their testing and mitigation strategies, which are attached to their status report.

While the risk of COVID-19 is real and significant, the defendant fails to demonstrate that the COVID-19 pandemic warrants his release.   The defendant re-emphasizes his history of asthma, but without evidence of its severity.   The CDC updated its guidance regarding risk factors for COVID-19 on September 11, 2020 as medical experts learn more about the novel coronavirus.[2]   During this most recent revision, moderate-to-severe asthma has been listed as a factor that "might" place an individual at risk for severe illness in contrast with a list of medical conditions that do present an increased risk.   The CDC's recommended action plan for those with asthma are to continue current medications.   As demonstrated in the defendant's Supplement, he is being seen by medical staff at Wyatt and presumably medication can be made available to him to control his asthma.

The defendant also adds that he has a history of smoking.   Similarly, the CDC's guidance is that smoking "might" place an individual at increased risk for serious illness.   The CDC's recommendation is to stop smoking, a recommendation the defendant will presumably comply with at Wyatt.   Lastly, tonsillitis is not included in the CDC's medical risk factors.

"A defendant is not entitled to temporary release under § 3142(i) based solely on generalized COVID-19 fears and speculation."   *United States v. Washington,* 2020 WL 2112343, *5 (M.D. Pa. May 4, 2020) (citing *United States v. Clark,* 2020 WL 1446895, at *3 (D. Kan. Mar. 25, 2020)); *see United States v. Brown,* 2020 WL 2119612, at *5 (M.D. Pa. May 4,

---

[2]  https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last accessed, September 11, 2020).

2020) (collecting cases).   The defendant does not offer conditions of release that could overcome the findings that resulted in his detention.   The defendant asks the Court to re-consider the same conditions proposed at the time of his detention hearing.   The Court previously considered these conditions and found them unavailing.   Additionally, pre-trial services has not had an opportunity to investigate whether the living arrangements proposed on August 11, 2020 remain suitable now.

## CONCLUSION

Again, the Government appreciates the gravity of the COVID-19 pandemic.   The COVID-19 pandemic is an unprecedented public health emergency and every facet of our Government is taking precautionary steps to slow the spread and impact.   The Wyatt Detention Facility is taking numerous cautionary steps in that regard, and continues to evaluate its mitigation procedures with public health officials.   Even in the midst of this pandemic, the factors set forth in 18 U.S.C. § 3142 must still guide the Court in determining, on a case-by-case basis, whether pretrial release is appropriate.

The defendant has failed to show novel evidence to warrant reconsideration of his detention or a compelling reason for his temporary release.   The government has met its burdens of demonstrating at a hearing that no condition or combination of conditions will assure the safety of the community and his Motion To Reconsider should be denied.

ANDREW E. LELLING
United States Attorney

By:    */s/ Philip C. Cheng*
       Philip C. Cheng
       James E. Arnold
       Assistant U.S. Attorneys

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Philip C. Cheng*
Philip C. Cheng
Assistant U.S. Attorney