UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 20-mj-7155-JCB |
| ) | |
| DAVID DESOUSA, ) | |
| ) | |
| Defendant. ) | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR REVOCATION OF DETENTION ORDER

The United States of America respectfully opposes the defendant's Motion for District Court Review and Revocation of Order of Detention. Doc. 35. The evidence establishes by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community. For the reasons discussed below, this Court should DENY the motion to revoke the magistrate judge's detention order.

## BACKGROUND AND RELEVANT FACTS

I. Procedural History

The defendant is charged in a criminal complaint with one count of distribution of and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Doc. 3. The charges stem from three controlled purchases of ounce-quantities of methamphetamine by an undercover officer since February 2020. The case culminated in the defendant's arrest, a search of his apartment, his vehicle, and his storage unit, which yielded seizures of additional ounce-quantities of methamphetamine, cocaine base, $90,000 cash, and a loaded firearm in the defendant's bedroom. *See* Doc. 21, Order of Detention, at 3. In total, the defendant distributed or possessed approximately 286 grams of methamphetamine, which will

subject him to a 10-year mandatory minimum sentence.  *See* 21 U.S.C. § 841(b)(1)(A)(viii).  The loaded firearm seized from the defendant's bedroom will also make him ineligible for safety-valve relief.  *See* 18 U.S.C. § 3553(f)(2).

The defendant had his initial appearance on August 7, 2020 and a detention hearing on August 12, 2020.  At the detention hearing, the government presented six exhibits detailing the defendant's criminal conduct.  The defendant submitted a letter from the defendant's physician as well as a medical record of his asthma exacerbation in January 2020.  Magistrate Judge Boal issued an Order of Detention on August 17, 2020 finding that no condition or combination of conditions will reasonably assure the safety of the community citing "the nature of the charges, the presence of a firearm at his residence, and the presumption applicable to this case."  Order of Detention, at 3-5.  Judge Boal further discussed, "While this Court is mindful of the COVID-19 public health crisis, and especially the risks associated with custodial settings, it does not provide a basis for releasing the defendant at this time. The present record lacks medical evidence connecting Desousa's asthma diagnosis with increased risks to him from COVID-19."  *Id.*

On September 3, 2020, the defendant filed a Motion to Reconsider the Order of Detention.  Doc. 25.  On September 11, 2020, the government filed its opposition to the Motion to Reconsider.  Doc. 31.  On September 21, 2020, Judge Boal denied the Motion to Reconsider the Order of Detention.  Doc. 34.

II.     Conditions at Wyatt Federal Detention Facility

For months, all facets of national, state, and local government have turned their focus and determination to slowing the spread of COVID-19, protecting the health and safety of the community, and tending to the medical needs of those who have contracted the virus.  That focus and attention includes the authorities and staff responsible for our federal and state detention

facilities, including at the Wyatt Federal Detention Facility, where particularized procedures and practices have been implemented to minimize the risk of transmission. *See* Exhibit A, Wyatt Detention Status Report dated October 5, 2020. Wyatt's most recent status report, filed twice-weekly, demonstrates its staff's commitment to protecting the detainees in their care. Over 3,000 detainees have been tested, and at present, they have one active case. As stated in their status report, they are in daily contact with the Rhode Island Department of Health regarding their testing and mitigation strategies, which are attached to their status report.

## STANDARD OF REVIEW

Pursuant to Title 18, United States Code, Section 3145(b) the District Court has jurisdiction to review a Magistrate Judge's pretrial detention order under a *de novo* standard. *United States* v. *Gennaco*, 834 F. Supp. 2d 38, 40 (D. Mass. 2011). Section 3142(e) provides that a defendant may be detained pending trial if, after a hearing, the judicial officer determines that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e). The Government bears the burden of demonstrating that the defendant poses a danger to the community by clear and convincing evidence, or that the defendant poses a flight risk by a preponderance of the evidence. *See United States v. Rose*, 2012 WL 2500497, *1 (D. Mass. 2012) (Gorton, J.).

In determining whether any conditions of release will reasonably assure the defendant's appearance and the safety of any other person and the community, the Court must consider the factors set forth in 18 U.S.C. § 3142(g), which include: (1) the nature and circumstances of the offense charged, including whether the offense involves a narcotic drug; (2) the weight of the

evidence; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger that the defendant's release would pose to any other person or the community.

"Where, as here, a court examines the detention order without taking new evidence, a degree of deference to the factual determinations of the Magistrate tempers the independent review." *United States* v. *McForbes*, 109 F. Supp. 3d 365, 367 n. 2 (D. Mass. 2015).

## ARGUMENT

It is within the factors of 18 U.S.C. § 3142(g) that the defendant's motion must be reviewed. This current pandemic, along with the ensuing volume of motions for release, has emphasized that the Court must be guided by the factors set forth in 18 U.S.C. § 3142(g), which include: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger that the defendant's release would pose to any other person or the community. The facts of this case when measured against these factors clearly warrant detention.

In this case, as Magistrate Judge Boal found, there are no conditions or combination of conditions that will reasonably assure the safety of the community if the defendant is released. Order of Detention at 3-5. In considering the defendant's danger to the community, Judge Boal cited the nature of the charges, the presence of a loaded firearm at his residence, and the presumption of detention applicable to this case. *Id*. The defendant was dealing in large quantities of methamphetamine, a dangerous and increasing threat to public health and safety in Massachusetts.[1] Not only was he dealing a drug that has exacerbated poly-drug overdose deaths,

---

[1] 'Meth is Here and Now': A Growing Presence in the Opioid Crisis. https://www.bmc.org/healthcity/population-health/meth-growing-presence-opioid-crisis (last accessed October 8,2020).

he kept a loaded firearm in his residence.  The combination of drugs and a loaded firearm only highlight the danger that the defendant poses to the community.[2]

The defendant is charged with an extremely serious offense, and when drug analysis report is complete, he will likely be facing a mandatory minimum 10 years of imprisonment without the possibility of safety valve relief.  The charges against the defendant stem from controlled purchases with an undercover officer and searches of his residence, vehicle, and storage unit pursuant to federal search warrants.  The evidence is overwhelming that the defendant was a wholesale dealer in methamphetamine, not retail gram amounts.  The evidence of $90,000 cash in the defendant's storage unit shows that he is not a "bit" player in the distribution of methamphetamine.  The defendant's possession of a loaded firearm further emphasizes that there are no conditions of release that can ensure the safety of the community.

The COVID-19 pandemic and the defendant's particularized health concerns—while undoubtedly serious and necessitating strong precautionary steps to protect the defendant, and all inmates at Wyatt—were considered at the detention hearing and in the defendant's Motion for Reconsideration.  Neither the pandemic nor the defendant's health concerns rise to the level that warrant his release over the clear and convincing evidence that the defendant is a danger to the community.

While the risk of COVID-19 is real and significant, the defendant fails to demonstrate that the COVID-19 pandemic warrants his release.  The defendant notes his history of asthma, but without evidence of its severity.  The CDC updated its guidance regarding risk factors for

---

[2] The enhancement for weapon possession in [USSG § 2D1.1(b)(1)] reflects the increased danger of violence when drug traffickers possess weapons. USSG § 2D1.1 n.11(A).

COVID-19 on October 6, 2020 as medical experts learn more about the novel coronavirus.[3] During this most recent revision, moderate-to-severe asthma has been listed as a factor that "might" place an individual at risk for severe illness in contrast with a list of medical conditions that do present an increased risk.  The CDC's recommended action plan for those with asthma are to continue current medications.  As demonstrated in the defendant's Supplement to his Motion to Reconsider (Doc. 29), he is being seen by medical staff at Wyatt and medication can be made available to him to control his asthma.  Lastly, Tourette Syndrome is not a risk factor for serious illness from COVID-19 and the defendant can address his care with the medical staff at Wyatt, as needed.

       The defendant also moves for temporary release pursuant to 18 U.S.C. § 3142(i). Def. Motion at 8.  "A defendant is not entitled to temporary release under § 3142(i) based solely on generalized COVID-19 fears and speculation." *United States v. Washington,* 2020 WL 2112343, *5 (M.D. Pa. May 4, 2020) (citing *United States v. Clark,* 2020 WL 1446895, at *3 (D. Kan. Mar. 25, 2020)); *see United States v. Brown,* 2020 WL 2119612, at *5 (M.D. Pa. May 4, 2020) (collecting cases).  The defendant does not offer conditions of release that could overcome the findings that resulted in his detention.  The defendant asks the Court to review the same conditions proposed and rejected at the time of his detention hearing.  Additionally, pre-trial services has not had an opportunity to investigate whether the living arrangements proposed in August 2020 remain suitable now.

---

[3] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last accessed October 8, 2020).

The government appreciates the gravity of the COVID-19 pandemic. The particularized concerns raised by this defendant, however, do not outweigh the government's obligation to protect the public. Here, the defendant is receiving medical care and is not in a high risk category for severe illness should he contract COVID-19. Despite the risk that the defendant may contract COVID-19 while he is incarcerated (a concern that did not seem to worry the defendant when he was out and about dealing methamphetamine), the totality of the evidence here dictates a finding that there are no conditions that can reasonably assure the safety of the community.

## **CONCLUSION**

For all of the reasons articulated herein, the government respectfully requests that this Court DENY the defendant's motion to revoke the detention order.

          Respectfully submitted,

          ANDREW E. LELLING
          United States Attorney

By:   */s/ Philip C. Cheng*
       Philip C. Cheng
       James E. Arnold

Date: October 8, 2020          Assistant United States Attorneys

## **CERTIFICATE OF SERVICE**

  I hereby certify that this document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                   */s/ Philip C. Cheng*
                   Philip C. Cheng
                   Assistant U.S. Attorney

Dated: October 8, 2020