UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.            ) | CRIMINAL No. 20-cr-10268-RGS |
| ) | |
| DAVID DESOUSA     ) | |
| Defendant  ) | |

**OMNIBOUS MOTION TO SUPPRESS EVIDENCE SEIZED
PURSUANT TO SEARCH WARRANTS**

The Defendant, David Desousa, moves this Honorable Court to suppress any and all evidence obtained, including, but not limited to controlled substances, United States currency, Iphone, firearms, ammunition, ledgers, records, identification cards and the like, from the following search warrants as listed below.  In support hereof, the defendant states the following:

<u>I.  490 Eastern Avenue, Unit 3266, Malden, Massachusetts 02148</u>

1. On August 6, 2020, a search warrant was issued authorizing the seizure and search of the contents of a storage unit located at 490 Eastern Avenue, Unit 3266, Malden, Massachusetts issued by the United States District Court (Hon. Jennifer C. Boal.

2. The search warrant was issued based on the affidavit of Arlington Police Officer, and deputized Task Force Officer of the United States Drug Enforcement Administration, Brian Connerney.

3. On August 6, 2020 Agent Connerney and others, executed the warrant and searched the storage units contents.

4. The defendant had had a reasonable expectation of privacy in this storage unit and has standing to challenge the search warrant and resulting search.

5.  The defendant submits that the affidavit in support of the search warrant application was lacking in probable cause.  In addition, the affidavit submitted by Agent
Connerney contained information that was stale and ineligible to be considered in the probable cause analysis.

6. Accordingly, the defendant submits that the warrant lacked probable cause to believe evidence of the suspected crime would be presently located in the unit and therefore, the search conducted pursuant to the search warrant violated the defendant's rights as protected by the Fourth Amendment. *Illinois v. Gates, 462 U.S. 213 (1983); Aguilar v. Texas, 378 U.S. 108 (1964); United States v. Zayes-Diaz, 94 F.3d 105 (1st Cir.
1996).*

7. The defendant further states that the good faith exception as outlined in *United States v. Leon, 468 U.S. 897 (1984)* is not applicable here given the complete lack of probable cause for the issuance of the search warrant.

II.  557 Pleasant Street Apt. 523, Malden, Massachusetts 02148

8. On August 6, 2020, a search warrant was issued authorizing the seizure and search of the contents of a storage unit located at 557 Pleasant Street Apt. 523, Malden, Massachusetts issued by the United States District Court (Hon. Jennifer C. Boal.

9. The search warrant was issued based on the affidavit of Arlington Police Officer, and deputized Task Force Officer of the United States Drug Enforcement Administration, Brian Connerney.

10. On August 6, 2020 Agent Connerney and others, executed the warrant and searched the apartment.

11. The defendant had a reasonable expectation of privacy in his apartment unit and has standing to challenge the search warrant and resulting search.

12.  The defendant submits that the affidavit in support of the search warrant application was lacking in probable cause.  In addition, the affidavit submitted by Agent Connerney contained information that was stale and ineligible to be considered in the probable cause analysis.

13. Accordingly, the defendant submits that the warrant lacked probable cause to believe evidence of the suspected crime would be presently located in the apartment and therefore, the search conducted pursuant to the search warrant violated the defendant's rights as protected by the Fourth Amendment. *Illinois v. Gates, 462 U.S. 213 (1983); Aguilar v. Texas, 378 U.S. 108 (1964); United States v. Zayes‐Diaz, 94 F.3d 105 (1st Cir. 1996)*.

14. The defendant further states that the good faith exception as outlined in *United States v. Leon, 468 U.S. 897 (1984)* is not applicable here given the complete lack of probable cause for the issuance of the search warrant.

      The defendant further relies on the reasons as stated in his Memorandum of Law in Support of his Motion to Suppress, filed herewith.

      WHEREFORE, the defendant respectfully requests that this Court grant his motion and suppress any and all evidence obtained from a search of his apartment, vehicle and his storage unit, conducted on August 6, 2020.

Defendant respectfully requests a hearing on his motion.

                                            Defendant
                                            David Desousa
                                            By his attorney,

                                            _/s/ *Carmine P. Lepore*_
                                            Carmine P. Lepore, Esq.
                                            Lepore & Hochman, P.A.
                                            One Sprague Street
                                            Revere, MA  02151
                                            (781) 286-8800
                                            BBO # 564603

July 22, 2021

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA  )
                          )
v.                        )      CRIMINAL No. 20-cr-10268-RGS
                          )
DAVID DESOUSA             )
         Defendant        )

## AFFIDAVIT IN SUPPORT OF OMNIBOUS MOTION TO SUPPRESS

1. My name is Carmine Lepore, I am an attorney licensed in the Commonwealth of Massachusetts and admitted to the Bar for the United States District Court for the District of Massachusetts.

2. I represent the defendant, David Desousa, in the above matter.

3. I have reviewed the discovery provided in this matter. In particular I have reviewed the Affidavit of Agent Brian Connerney, dated August 6, 2020, offered in support of his application for search warrants.

4. I have researched and reviewed the applicable law, and have discussed the same with my client.

5. Accordingly, I believe that the affidavit in support of the search warrants applications was lacking in probable cause. In addition, the affidavit submitted by Agent Connerny contained information that was stale and ineligible to be considered in the probable cause analysis.

6. In addition, that the warrant lacked probable cause to believe evidence of the suspected crime would be located in the vehicle, apartment and storage unit and therefore, the search conducted pursuant to the search warrant violated the defendant's rights as protected by the Fourth Amendment. *Illinois v. Gates, 462 U.S. 213 (1983); Aguilar v. Texas, 378 U.S. 108 (1964); United States v. Zayes-Diaz, 94 F.3d 105 (1st Cir. 1996).*

7. Lastly I am of the opinion that the good faith exception as outlined in *United States v. Leon, 468 U.S. 897 (1984)* is not applicable here given the complete lack of probable cause for the issuance of the search warrants.

Sworn to under the pains and penalties of perjury

                                                              */s/ Carmine P. Lepore*
                                                              Carmine P. Lepore, Esq.
                                                              July 20, 2021

CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

    /s/*Carmine P. Lepore*
    Carmine P. Lepore