# UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL No. 20-cr-10268-RGS |
| | ) | |
| DAVID DESOUSA | ) | |
| Defendant | ) | |

## DEFENDANT'S RENEWED MOTION FOR RELEASE FROM PRE-TRIAL DETENTION AND FOR RELEASE WITH CONDITIONS

The Defendant, David Desousa respectfully requests this Honorable Court order the defendants release from pre-trial detention and grant his motion for release on conditions. Mr. Desousa is a pretrial defendant currently detained at the Wyatt Federal Detention Center ("Wyatt"), is within the group of people the Centers for Disease Control and Prevention ("CDC") has categorized as most-at-risk for contracting COVID-19.

The Bail Reform Act provides for the "temporary release" of a person in pretrial custody "to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3 142(i). Desousa is a "higher risk of severe COVID-19 if he becomes infected" (Exhibit A) due to his condition of asthma, smoking and chronic tonsillitis. The defendant sought emergency medical care for complications due to his asthma on January 11, 2020, January 13, 2020 and February 25. 2020. (Exhibit B)

The defendant's suffers from not one, but several serious underlying health issues that place him in a dangerous category should he contract the virus. These underlying health issues are the foundation for the extraordinary and compelling reasons to allow his release on conditions pending trial. It is well known that experts have described correctional facilities as a "powder keg" of potential virus outbreak. As a resurgence of the COVID pandemic occurs due to the rapid spread of the Delta variant. It is well publicized that Delta variant is responsible for the so called "breakthrough cases" in which vaccinated individuals have contracted the virus. Even though the defendant received his two shot vaccine, he remains is at great risk of becoming seriously ill should

he get this new strain of the virus.

The defendant's continued detention creates an unacceptable risk to him   People regularly cycle in and out of jails and prisons and people who work in them leave and return to their families, then return to the prison the next day.   Releasing people such as the defendant, who do not pose a danger to the community would serve the purpose of reducing the density of detention facility populations. The upsurge in cases across the world due to the Delta variant has shown that this is an ongoing pandemic is another extraordinary and compelling reason for immediate release to home confinement.   Covid cases are rising rapidly at Wyatt, as of Tuesday September 21, 2020 there were 35 positive cases at the facility.

Due to the great risk of contracting the virus and higher risk of severe complications of COVID-19 if infected, release from custody based on the serious health issues and other risk factors facing this defendant, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

## LEGAL ARGUMENT

A "judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States Marshals or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). *See also United States v. Angiulo*, 755 F.2d 969, 972-73 (1st Cir. 1985) (holding that the magistrate who issues a detention order has inherent authority to reconsider that order). Compelling reasons may exist where release is necessary when a defendant serious medical conditions warrant release, *see, e.g., United States v. Rebollo-Andino*, 312 F. App'x 346, 348 (1st Cir. 2009) (explaining that a defendant who is denied bail "retains the ability to request[,] . . . in extraordinary circumstances, . . . temporary release under § 3142(i)" should future developments with respect to his medical conditions so warrant).

Even in cases where there is a presumption of dangerousness, release may be appropriate to safeguard a defendant's health and life. *See, e.g*, *Id*. *See also United States v. Cordero Caraballo*, 185 F. Supp. 2d 143, 146 (D.P.R. 2002) (defendant charged with assaulting and attempting to kill federal agent released to custody of his relatives because "[n]otwithstanding the defendant's apparent dangerousness in this case, his present condition is indeed grave and can deteriorate if not carefully treated. At present, the Bureau of Prisons cannot provide the necessary medical care defendant requires."); *United States v. Johnston*, 2017 WL 4277140 (D.D.C. Sept. 27, 2017) (defendant charged with violation of the Mann Act and in need of prompt treatment due to colon cancer released to custody of his wife for 21 days, despite institution's averment that it could provide medical care); *United States v. Adams*, 2019 WL 3037042 (D. Or. July 10, 2019) (defendant charged with violation of the Mann Act and possession of child pornography and suffering from diabetes, heart conditions and open sores released on home detention because of his medical conditions).

Thus, this Court should consider the "total harm and benefits to prisoner and society" that continued pretrial imprisonment of the defendant will yield, relative to the heightened health risks posed to the defendant during this pandemic. *See generally United States v. D.W.*, 198 F. Supp. 3d 18, 23 (E.D.N.Y. 2016) (Weinstein, J.)

**There Are Conditions of Release That Both Reasonably Assure The defendant Is not a flight risk and to protect the community.**

The defendant submits that there are conditions of release that can be crafted in this case, specifically the condition of home detention with electronic monitoring.  These conditions will mitigate any risk of flight or danger that the defendant may pose, while allowing him to remain isolated in a home-setting. The defendant poses no risk of danger to the community while on home-detention coupled electronic monitoring.

## CONCLUSION

Wherefore the Defendant moves this Court to grant a hearing on this motion and release the Defendant on conditions set forth above as well as any additional conditions that the Court deems necessary.

                                                Respectfully Submitted,
                                                David Desousa
                                                By counsel

                                              */s/ Carmine P. Lepore*
                                              Carmine P. Lepore
                                              Lepore & Hochman, P.A.
                                              One Sprague Street
                                              Revere, MA 02151
                                              (781) 286-8800
                                              BBO# 564603

September 23, 2021

## CERTIFICATE OF SERVICE

      I, Carmine P. Lepore, hereby certify that the above document was filed through the Electronic Court Filing system and served on all registered participants on September 23, 2021.

                                                                                                                  */s/ Carmine P. Lepore*