FILED
IN CLERKS OFFICE
2021 DEC 20 PM 2: 27
U.S. DISTRICT COURT
DISTRICT OF MA

UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL NO. 20-cr-10268-RGS |
| v. ) | |
| ) | |
| DAVID DESOUSA ) | |
| Defendant, ) | |

## MOTION AND MEMORANDUM TO WITHDRAW COUNSEL DUE TO CONFLICT OF INTEREST AND INEFFECTIVE ASSISTANCE

Now Comes David Desousa, the above charged defendant within the interest of justice acting under limited Pro-se capacity. See Haines v. Kerner, 404 U.S. 519 [30 L. Ed. 2d 652] (1972). Mr. Desousa respectfully request that this Honorable Court take judicial notice of the egregious violations committed under the Sixth Amendment.

Therefore, the Defendant hereby moves that undersigned counsel Carmine Lepore to withdraw his appearance in the above-captioned matter. As grounds for this motion, Mr. Desousa states that there has been ineffective assistance in resolving his legal matter, and irretrievable breakdown in the attorney/client relationship which has resulted in a conflict of interest.

WHEREFORE, the Defendant requests that this Court schedule a hearing on this matter, appoint new counsel to this matter, and allow undersigned counsel to withdraw his appearance due to ineffective assistance and conflict of interest.

Mr. Desousa submits the following facts and law.

### Argument

The proper measure of attorney performance remains under prevailing professional norms, and this also includes counsel appointed by the court to defend in a Criminal matter as well. Those norms are reflected in the <u>American Bar Association</u> ("ABA") standards. See Strickland v. Washington, 466 U.S. 668, 688, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)

The Supreme Court in Glasser v. United States, 315 U.S. 60, 70-71, 62 S. Ct. 457, 86 L. Ed. 680 (1942), made it clear that effective assistance of counsel is guaranteed by the Sixth Amendment to the United States Constitution. "Assistance of counsel" guaranteed by the Sixth Amendment contemplates that such assistance be untrammeled and unimpaired by a court order requiring that one lawyer shall simultaneously represent conflicting interests. If the right to the assistance of counsel means less than this, a valued constitutional safeguard is substantially impaired. Id.

1

Representation by a BAR licensed attorney requires the "fully informed consent" by both the client (the accused) and counsel, and creates a "specific performance contract" between the Attorney and the client. ABA RPC, Rule 1.8 (f); [ER-4] provides: "A lawyer shall not [mandatory] accept compensation for representing a client unless (1) the client consents after consultation; (2) There is no interference with the lawyer independence of professional judgment or with the client-lawyer relationship [mandatory].

[ER-4] Paragraph (f) requires disclosure of fact... lawyers...paid for by a third party. Such an arrangement must conform to...Rule 1.7 concerning conflict of interest [mandatory] [ER-3]. As a general proposition, loyalty to a client prohibits undertaking representation directly adverse... without that clients consent. A lawyer shall not represent a client "if" the representation will be directly adverse to another, unless each client consents after consultation.

7 C.J.S. Attorney-Client, page 707- first duty is to the court and not to the client. "Counsel must remember they, too, are officers of the courts, administrators of justice, oath-bound servants of society; that their first duty is not to their clients, as many suppose, but is to the administration of justice; that to this clients' success is wholly subordinate; that their conduct ought to and must be scrupulously observant of law and ethics; and to the extent that they fail therein, they injure themselves, wrong their brothers at the bar, bring reproach upon an honorable profession, betray the courts and defeat justice. " In re Kelly, 243 F. 696, 705 (D. Mont. 1917). In cases of conflict between the attorneys' duty to the court must prevail.

Here, I have not been provided adequate representation of counsel which has resulted in ineffective assistance of counsel, nor has this matter proceeded in a timely fashion, in which this matter has been pending for approximately 16 months. Although a defendant has an absolute right to adequate representation, the court must also make sure cases are processed in an orderly fashion. Counsel has not properly argued in the best of my interest during oral arguments, on several occasion (during bail / motion to suppress arguments), it is clear for the record counsel assistance has resulted in ineffective assistance of counsel. Counsel assistance has resulted in a lack of interest and a lack of communication.

## STATEMENTS OF FACTS / CONFLICT OF INTEREST INEFFECTIVE ASSISTANCE

1. Counsel filed a notice of appearance on or about august 2020.

2. When counsel was appointed I informed him that I had property in my vehicle, well as that I have proof and verification of certain property that was seized and forfeited from me. Counsel failed to assist me with this ongoing issue, and make action of receiving my property back from the government.

3. On December 1, 2020, during oral arguments regarding bail in front of Judge Talwani counsel was very poorly spoken. When the Honorable Judge asked counsel if he had any case law in support of the bail argument counsel informed Judge Talwani (to the judges response): "that he

was not prepared for that".(A similar situation recently occurred on December 1, 2021, regarding a motion to suppress argument in front of Honorable Judge Richard G. Stearns. See paragraph)

4. On or about March 2021, counsel listened to discovery provided by the United States Attorney's Office regarding calls between Mr. Desousa and his mother. During this conversation the defendant explained to his mother how he was unsatisfied with counsel's representation. This audio recording provided by the prosecutor has clearly resulted in a conflict of interest. Most importantly, since this audio recording was provided to counsel that is when counsel's ineffective assistance tremendously increased. **(Counsel has informed me of such audio recording, I have repeatedly requested counsel to send me the recording that was provided by the USAO and counsel refused to do so, all counsel has done was informed me of the situation)**

5. On or about August 2021, I asked counsel to reconsider my motion for bail, counsel informed me that he would do so. Prior to the motion to renew bail was filed, I specifically informed counsel that I wanted him to argue my Fifth Amendment due to Due Process being violated, in which I provided supporting case law, counsel did not argue violation of my Fifth Amendment, or provide case law that I have forwarded to him. Additionally, I informed counsel that if my bail was denied I wanted him to file a notice of appeal in which he refused to do, and stated that he can refer me to someone else **(Counsel's actions has resulted in a conflict of interest).**

6. On December 1, 2021, at my court date counsel informed me that I have a 15 year mandatory sentence when I don't (this shows that counsel has a lack of knowledge on my case), I informed counsel that I was facing a mandatory minimum of ten years and not fifteen. During oral arguments counsel failed to argue in the best of my interest in regards to violation of Due Process, and provide case law to support my argument for bail, after I have previously provided counsel with adequate case law to support my defense for bail. Counsel actions have resulted in a lack of interest, and most important a conflict of interest resulting in ineffective assistance of counsel.

Respectfully Submitted,
By David Desousa

*[signature]*

Date: December 6, 2021

## CERTIFICATE OF SERVICE

I, David Desousa hereby certify that the foregoing document is being served through United States postal mail to The District Court.