UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 20-10268-RGS

UNITED STATES OF AMERICA

v.

DAVID DESOUSA

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

July 9, 2025

STEARNS, D.J.

The authority of a trial court to reduce the sentence of a committed prisoner, unlike in the case of a pretrial detainee, is tightly circumscribed. A sentence once imposed may not be modified except to the extent permitted by Rule 35 of the Federal Rules of Criminal Procedure. *See* 18 U.S.C. § 3582(c). However, there is an exception enacted by Congress that took effect on December 21, 2018. Under 18 U.S.C. § 3582(c)(1)(A), a district court, on a motion by the Director of the Bureau of Prisons (BOP), or by a defendant who has exhausted his administrative remedies,[1] may order a compassionate

---

[1] The government does not contest the fact that Desousa has met the exhaustion requirement.

release or reduction of his sentence: (1) on a finding of "extraordinary and compelling reasons" warranting such a reduction; or (2) on findings that apply to elderly long-term inmates suffering from terminal or self-debilitating illnesses and who, as a result, are no longer deemed a danger to the safety of any person or the community. Petitioner David Desousa, who is 35 years old, does not fall within the second category of eligible elderly inmates suffering from chronic or life-threatening health issues. To qualify under the first category, Desousa bears the burden of showing not only an extraordinary and compelling reason for a sentence reduction but also that the reduction is consistent with the applicable policy statements issued by the Sentencing Commission.[2] Finally, the court is to weigh whether the sentencing factors set out in 18 U.S.C. § 3553(a) support a reduction of sentence.[3]

Desousa was sentenced to an incarcerated term of 120 months on February 1, 2024, for crimes related to his trafficking of a large quantity of methamphetamine and his illegal possession of a firearm. The sentence

---

[2] The First Circuit interprets this stricture (as have other Circuits) to provide direction to district courts but not to constrain their exercise of discretion in adjudicating prisoner-initiated motions. *United States v. Ruvalcaba*, 26 F.4th 14, 16, 21 (1st Cir. 2022).

[3] The court is separately directed to make the additional determination that the defendant's relief will not pose a danger to community safety. 18 U.S.C. § 3582(c)(1)(A)(ii).

2

consisted of the mandatory 10-year minimum sentence and a downward departure from the recommended sentencing guidelines range of 135-168 months. His projected release date from custody is April 7, 2029. He is currently confined at FCI Danbury.

The gravamen of Desousa's complaint is that the Federal Bureau of Prisons (BOP) is unable to provide the full range of medications he believes that he requires to address his various medical problems, notably control of his Tourette's Disorder. This claim is largely refuted by the medical treatment records provide by the BOP and, even if taken at face value, does not rise to a reason that qualifies as "extraordinary and compelling." (As the government points out, the court was well aware of Desousa's medical condition at the time of sentencing and factored that consideration into the decision to depart downward to the statutory minimum). Desousa also argues that the court should give weight to the fact that "despite a rough start," he is striving to meet the court's expectation that he would use his best efforts to stay on the path of recovery. Pet.'s Mem. at 5. While the commitment of a prisoner to rehabilitate himself is to be commended, Congress has specifically directed the Sentencing Commission in promulgating policy statements under section 3582(c)(1)(A) that "[r]ehabilitation of the defendant alone shall not be considered an

extraordinary and compelling reason" for a sentence reduction. 28 U.S.C. § 994(t). *See also Ruvalcaba*, 26 F.4th at 25.[4]

Finally, I agree with petitioner that, other than the nature of the crimes for which he was convicted, the record does not suggest that he would represent a danger to the safety of the community were he to be presently released. However given the gravity of those crimes, I believe that a 60 percent reduction in petitioner's sentence would not serve society's interest in just punishment and the need to deter others from similar conduct as reflected in the pronouncements of Congress and the Sentencing Commission.

### ORDER

For the foregoing reasons, the Motion for Compassionate Release is DENIED.[5]

SO ORDERED.

/s/ Richard G Stearns
UNITED STATES DISTRICT JUDGE

---

[4] Congress, in addition to the quantitative criteria set out in § 3582(c)(1)(A)(ii), directs courts to those set out in the Bail Reform Act and the policy statements of the United States Sentencing Commission. *See* 18 U.S.C. § 3582(c)(2).

[5] Petitioner is advised that any request for the issuance of a Certificate of Appealability pursuant to 28 U.S.C. § 2253 of the court's Order denying his instant motion for Compassionate Release is also DENIED, the court discerning no meritorious or substantial basis that would support an appeal.